UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANTHONY MCAULAY,<br><br>Plaintiff,<br><br>v.<br><br>CLARE COUNTY, et al.,<br><br>Defendants. | Case No. 26-12133<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT IN PART [1] AND GRANTING MOTION TO STAY [5]**

Robert Anthony McAulay, a pretrial detainee confined at the Clare County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. His complaint details many concerns about law enforcement's search and seizure at his residence that resulted in state criminal charges against him for possessing contraband. Specifically, he raises the following claims:

(1) improper search warrant;

(2) illegal search and seizure

(3) civil conspiracy

(4) wrongful arrest, malicious prosecution, false police report

(5) failure to train employees

(6) illegal entry, excessive force, and invasion of privacy

(7) negligent performance of official duties

(8) infliction of emotional distress, false imprisonment, excessive bail; and

(9) failure to intervene.

(*See* ECF No. 1.)

He sues Clare County, Clare County Sheriff John Wilson, Clare County Sergeant Schmidt, Clare County Deputies Dawson, Mclearen, Chinavare, and Cooper, and Clare County District Court Magistrate Steven Worpell Jr. in their individual and official capacities. (*Id.*) He purports to seek criminal charges against Defendants, as well as monetary damages. (*Id.*)

McAuley filed a motion for leave to proceed without prepayment of the filing fee and costs (ECF No. 2), which was granted (ECF No. 3). He also filed a motion to stay this case pending the completion of his state criminal case. (ECF No. 5.)

For the reasons that follow, the Court will summarily DISMISS several claims and GRANT the motion to stay as to the remaining claims.

## I.

Because the Court granted McAuley's motion to proceed without prepayment of the filing fee and costs, it has an additional responsibility under 28 U.S.C. § 1915: it must screen his complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard applies

when determining whether dismissal of a claim is warranted at the screening stage. *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010).

And under Federal Rule of Civil Procedure 8, a complaint must set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). This is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). Thus, *pro se* plaintiffs "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011); *see Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a *pro se* litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" (citations omitted)).

Under 42 U.S.C. § 1983, an individual can sue for a violation of federal constitutional rights if he shows (1) he was deprived of a right secured by the federal Constitution and (2) the deprivation was caused by a state actor. *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). But simply naming a federal constitutional or statutory right is not enough to satisfy the first requirement. *See Ford v. Hamilton Univ.*, 29 F.3d 255, 258 (6th Cir. 1994) ("Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'"). Rather, a plaintiff must set forth facts showing how the defendants' alleged misconduct violated a constitutional right.

In this respect, many of McAuley's claims are not plausibly pled, and must be dismissed.

**A. Request for Criminal Prosecution**

To start, McAuley asks that Defendants be criminally prosecuted. (ECF No. 1, PageID.25.) But, as a civil plaintiff, he "cannot bring a civil rights action to force a criminal prosecution against the defendant[s]." *Webb v. Rodriguez*, No. 18-13947, 2019 WL 861229, at *2 (E.D. Mich. Feb. 22, 2019). This is because a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Parker v. Maloney*, No. 20-636, 2020 WL 5249072, at *4 (W.D. Mich. Sept. 3, 2020) (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986)). So "[t]o the extent that [McAuley] requests criminal charges be brought against Defendants, he fails to state a claim." *Payette v. Deatsman*, No. 09-276, 2010 WL 882836, at *3 (W.D. Mich. Mar. 9, 2010) (dismissing claims where plaintiff sought criminal prosecution of

defendants); *Adams v. Marquette Police Dep't*, No. 25-00226, 2025 WL 4032324, at *1 (W.D. Mich. Dec. 16, 2025) (same).

Thus, to the extent McAulay is seeking the relief of criminal prosecution of Defendants, that portion of his claims must be dismissed.

**B. Magistrate Steven Worpell, Jr.**

Next, McAuley sues "Steven Worpell Jr. Magistrate Claire County District Court District Court 80th" in both his individual and official capacities, seeking monetary damages. (ECF No. 1, PageID.5, 26.) These claims must also be dismissed.

Judicial immunity bars the claim against Magistrate Worpell in his individual capacity. "Judges and judicial employees [sued in their individual capacities] are entitled to absolute judicial immunity on claims for damages." *Gardner v. St. Clair Co.*, No. 16-10198, 2016 WL 894628, at *3 (E.D. Mich. Mar. 9, 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)); *Moniz v. Weipert*, No. 20-12705, 2021 WL 1720897, at *4 (E.D. Mich. Apr. 30, 2021). And the narrow exceptions to that immunity do not apply here as the allegations make clear that Magistrate Worpell was acting in his official capacity.

Additionally, sovereign immunity bars the claim against Worpell in his official capacity. When a state employee is sued in his or her official capacity, that is "equivalent to a suit against the governmental entity." *Davis v. Washington*, No. 25-880, 2025 WL 2697821, at *3 (W.D. Mich. Sept. 23, 2025). "Eleventh Amendment 'sovereign immunity protects states, as well as state officials sued in their official capacity for money damages, from suit in federal court.'" *Courser v. Allard*, 969 F.3d

604, 618 (6th Cir. 2020) (citation omitted). So McAuley's claims against Worpell, a state court magistrate sued in his official capacity for money damages, cannot proceed. *See Moniz*, 2021 WL 1720897, at *5 ("The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan."); *Thompson v. McNamara*, No. 21-11045, 2021 WL 2187086, at *2 (E.D. Mich. May 28, 2021) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, court clerks, and state agency employees who are sued in their official capacities."); *see also Smith v. Skryzynski*, No. 16-12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) (dismissing claims against state judge and prosecutor in their official capacities on Eleventh Amendment grounds).

Thus, all claims against Worpell are dismissed.

**C. Abstention**

McAuley challenges nearly every aspect of the investigation and prosecution in his pending criminal case. (*See* ECF No. 1, PageID.11–16 (alleging improper search warrant, invalid police report, and police misconduct in executing search).) After screening out his request for criminal prosecution, only the claims seeking money damages remain. Because McAuley seeks money damages related to an ongoing state court proceeding, the Court will stay the case pending the resolution of the state case.

Under *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are counseled to "abstain from adjudicating a matter properly before it in deference to ongoing state proceedings." *Gilbert v. Ferry*, 401 F.3d 411, 419 (6th Cir. 2005). The rule is "designed

to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges." *Bey v. Ionia Cnty. Ct.*, No. 24-289, 2024 WL 1793397, at *2 (W.D. Mich. Apr. 25, 2024) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

All three factors are present here. First, there is an ongoing state proceeding—McAuley says a criminal case "that pertains to this civil matter . . . " is "going through the Michigan Court of Appeals in an Interlocutory Appeal . . . ." (ECF No. 5, PageID.42.) Second, that state criminal prosecution implicates an important state interest. *Brakebill v. Moncier*, No. 14-105, 2014 WL 10212897, at *5 (E.D. Tenn. Dec. 17, 2014) ("Criminal prosecution is the paradigmatic example of an important state interest under the *Younger* doctrine") (citing *Younger*, 401 U.S. at 45–49). And finally, McAuley has the opportunity to challenge the constitutionality of the investigation that led to his arrest in both the trial court and on appeal. *Aaron v. O'Connor*, 914 F.3d 1010, 1019 (6th Cir. 2019) (finding, for purposes of *Younger* analysis, state court appellate process afforded plaintiff opportunity to present constitutional arguments).

Here, McAuley does not seek equitable relief. Because *Younger* abstention applies, and the case involves only legal relief, the Court will stay the case instead of dismissing it. *See Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 700 (6th Cir.

2013) ("[W]here, as here, the plaintiffs seek only legal relief, and the district court properly applies the *Younger* doctrine to abstain from adjudicating a claim for damages, it must stay the case instead of exercising its discretion in deciding to dismiss the case."); *Sermeno v. Bonta*, No. 25-02414-DJC-DMC, 2026 WL 412245, at *3 (E.D. Cal. Feb. 13, 2026) ("[W]here monetary damages are sought, the federal court should stay, rather than dismiss those claims, until after the state court proceedings are no longer pending.").

## II.

Several claims cannot proceed: (1) Any request for criminal prosecution of Defendants and (2) the claims against Worpell. The remaining claims will be STAYED pending the resolution of the state criminal proceeding. Thus, the complaint (ECF No. 1) is DISMISSED IN PART. And McAuley's motion to stay (ECF No. 5) is granted.

SO ORDERED.

Dated: August 26, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE